FILED

2019 Dec-10  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL MORRISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **G&S GLASS & SUPPLY, INC.** | ) | _____ |
| | ) | |
| **Defendant.** | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

## I.    INTRODUCTION

1.    This is an action alleging brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., to remedy violations of the wage provisions of the FLSA by Defendant G&S Glass & Supply, Inc., which have deprived Plaintiff of his lawful wages.

## II.    JURISDICTION

2.    This Court has jurisdiction in accordance with 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.

## III.    PARTIES

3.    Plaintiff Michael Morrison ("Morrison") is an individual over the age of 19 years and a resident of the state of Alabama.  Morrison was employed with

Defendant for at least three years prior to the end of his employment in March 2019.

Morrison worked as an hourly supervisor for Defendant G&S Glass & Supply, Inc.

("G&S") and was an employee of G&S as defined by the FLSA.

4.     Defendant G&S is based in Pelham, Shelby County, Alabama.  G&S is

an "employer" as defined under the FLSA.

## IV.     FACTUAL ALLEGATIONS

5.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through

4 above with the same force and effect as if fully set out in specific detail herein

below.

7.     G&S is a glass firm specializing in the installation of storefront/curtain

wall and glass in buildings.

8.     G&S main office is located in Pelham, Alabama, however, the company

performs work throughout the state of Alabama and in the southeastern United States.

10.     While working at G&S, Plaintiff held the position of Job Foreman and

was paid on an hourly basis.  Plaintiff worked for G&S for approximately 9 years and

left employment with the company in March 2019.

11.     As part of Plaintiff's foreman position, he was required to supervise

employees at job site.  Plaintiff worked at job sites throughout Alabama and Georgia,

including Tuscaloosa, Huntsville/Madison, Hanceville, Auburn, and the Atlanta area,

among other locations.  Plaintiff lived in Pell City and Leeds, Alabama during the relevant time period.

12.    As part of this supervision of employees, on the days Plaintiff was assigned to work at sites in Tuscaloosa, Hanceville, and Huntsville/Madison, he was required to drive a company truck and to pick up employees in order to transport them to work sites.  This activity was a part of Plaintiff's job as a supervisor and was not voluntary.  Plaintiff was not carpooling with other employees; instead, Plaintiff was required by his employer, as a supervisor, to ensure that employees were present at the pick up locations, to drive them to job locations, and to ensure that they arrived at the job site in a timely manner.  Also, on some days, Plaintiff was required to drive to the Pelham headquarters to pick up materials or perform other work either before heading to the job site or before returning home from the job site.

13.    Plaintiff was paid hourly and regularly worked over 40 hours per week. He received overtime wages if he worked over 40 hours at a job site.

14.    However, when Plaintiff worked in Tuscaloosa, Huntsville, Hanceville, or anywhere he was required to drive to back and forth from home to the site everyday, he was only paid for the hours actually spent at the job site.  Plaintiff was not paid any wages, including overtime wages, for the time spent in the company truck supervising employees, ensuring that they made it to the job site or doing other

work on behalf of and at the instruction of the company.  Plaintiff consistently worked over 40 hours per week and should have been paid overtime wages for the hours spent working for the company by supervising and driving employees to job sites in the company vehicle as required by the defendant.

15.    When Plaintiff was assigned to work sites that required overnight travel, he was paid a regular hourly rate for his travel time.  However, if those travel time hours caused him to work more than 40 hours in a week, Plaintiff was still only paid the regular rate for those travel time hours and was not paid the proper overtime rate of one and one-half times the regular rate.

16.    Plaintiff was told by the owner of the company that if he ever sued them for travel time that he would be fired.

17.    Defendant has intentionally failed and/or refused to pay Plaintiff his salary/rates according to the provisions of the FLSA.

18.    For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA. Despite this knowledge, Defendant has failed to pay Plaintiff the amount of pay as required.

## CAUSE OF ACTION - FLSA OVERTIME VIOLATION

19.    Plaintiff adopts and re-alleges the factual allegations set forth in

4

paragraphs 1-18 as set forth herein.

20.     Plaintiff was employed with the defendant as a Job Foreman for approximately 9 years until his employment ended in March 2019.

21.     In this position, Plaintiff was paid an hourly rate and was eligible for and was paid overtime for some of the time he worked over 40 hours a week.

22.     Plaintiff worked numerous overtime hours for which he was not paid any wages, specifically, the time he was required to spend driving and supervising company employees to and from certain job sites, including sites in Tuscaloosa, Hanceville, and Huntsville.

23.     The time Plaintiff spent driving and supervising employees when transporting them to and from Tuscaloosa, Huntsville, and Hanceville constituted compensable hours worked and Plaintiff should have been paid for those hours worked.

24.     Additionally, Plaintiff was not paid the overtime rate of one and one-half times the regular rate of pay for overnight travel hours worked in weeks that he worked over 40 hours; instead he was only paid his regular rate of pay for those hours.

25.     Defendant failed to properly pay Plaintiff  wages owed for all of this travel time in violation of the FLSA.

26.     Defendant's failure to properly pay Plaintiff these wages, as described herein, was a willful violation of the FLSA.

27.     Defendant has not made a good faith effort to comply with the FLSA.

28.     As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §207 of the FLSA.

29.     In addition to the amount of unpaid wages and benefits owed to the Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

30.     Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, pursuant to §216(b) of the FLSA, prays for the following relief:

1.     Plaintiff be awarded damages in the amount of his respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2.     Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action;

6

3.     Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.
Kevin W. Jent
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

*/s/ Dawn Stith Evans*
Dawn Stith Evans
Counsel for the Plaintiffs

OF COUNSEL:

GUIN STOKES EVANS
300 Richard Arrington, Jr. Blvd. N., Ste. 600
Birmingham, Alabama 35203
(205) 226-2282

The plaintiff demands a trial by jury on all claims triable to a jury.

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

**DEFENDANT'S ADDRESS:**

Defendant to be served via certified mail:

G & S Glass & Supply, Inc.
c/o Gregory B. Metcalf, Registered Agent
2940 Hwy 11
Pelham, AL 35124

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL